NEW-YORK,
May, 1830.

Townsend
v.
Wheeler.

---

TOWNSEND *vs.* WHEELER.

Where there is a demurrer in a cause, the party whose pleading is demurred to, may notice the cause for argument for the frivolousness of the demurrer, although the party demurring has omitted to make up and serve the demurrer books.  On the cause being moved, the court will not hear the objection that the demurrer books have not been made up and served. The remedy of the party demurring was to have moved the court to strike the cause from the calendar.

J. R. VAN DUZER moved for judgment for the plaintiff on account of the frivolousness of a demurrer.

*G. F. Talman* objected to the motion, saying that the court could not determine whether the demurrer was frivolous or not, without looking at the demurrer books, which

they could not do, as none had been delivered by the defendant, to whom it belonged to make up the books. That the plaintiff, if he was desirous to expedite the decision, instead of placing the cause on the calendar, and noticing it for argument as a frivolous demurrer, ought to have applied for judgment for the omission of the defendant to serve him with a copy of the demurrer books, of which motion he might have given notice as soon as the default of the defendant in delivering the books, had occurred; that such was the practice of the court, as established in 6 Cowen.

*Van Duzer*, in reply. The defendant ought not to be permitted to avail himself of his own neglect. After an issue at law, both parties are actors. It was the right and the duty of the defendant to have prepared and served the demurer books, and the plaintiff ought not to be delayed by his omission. *Cur. ad. vult.*

*By the Court*, SUTHERLAND, J. The cause being on the calendar, and moved to be brought on to hearing on notice duly served on the opposite party, the court will not hear an objection to the regularity of the proceedings in that stage of the cause. If irregularly noticed and placed on the calendar, the party objecting has a right to move to strike the cause therefrom, and then all the facts will appear, enabling the court to decide understandingly. The object of the court is to avoid disscussions as to the regularity of the proceedings when a cause is called. The decision in 16 Johnson, 2, proceeds upon this principle, and the case in 6 Cowen, 609, is not at variance with it. The plaintiff is entitled to judgment on reading his notice.

NEW-YORK,
May, 1830,

Anonymous.

---

## ANON.

New notice of the rule to plead need not be given after amendment of declaration.